**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOUHAMED NDONG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:26-cv-901 |
| | ) |
| LEONARD ODDO *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

I.     INTRODUCTION

Presently pending before the Court is pro se Petitioner Mouhamed Ndong's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 3) (the "Petition"). In response, Respondents filed a Motion to Dismiss. (Docket No. 6). For the reasons set forth herein, Respondents' Motion to Dismiss will be granted and Petitioner's Petition will be denied.

II.     DISCUSSION

Petitioner is a native and citizen of Senegal. (Docket No. 6 at 1). In an Order dated March 13, 2026, an immigration judge found, based on Petitioner's own admissions, that Petitioner is removable from the United States. (Docket No. 6-1 at 2). Petitioner made an application solely for voluntary departure in lieu of removal[1] and waived appeal of all issues. (*Id.*). Notably, consenting to such voluntary departure permits Petitioner to avoid receipt of a formal order of removal and preserves a future legal pathway for returning to the United States. Accordingly, the immigration judge granted Petitioner pre-conclusion voluntary departure in lieu of removal. (*Id.*). While the immigration judge's Order did not include conditions requiring Petitioner to post a

---

[1]     *See also* 8 C.F.R. § 1240.26.

voluntary departure bond or provide his passport or travel documentation, the Order did include the term "Under safeguards." (*Id.*). The immigration judge further ordered that if the conditions of his Order were not met as required or if Petitioner failed to depart as required, the granting of pre-conclusion voluntary departure would be withdrawn and an order entered pursuant to 8 C.F.R. § 1240.26(d) would become effective – which order would include Petitioner's removal to Senegal on the charge(s) set forth in the Notice to Appear. (*Id.*).

The phrase voluntary departure "under safeguards" refers to the procedure involving an alien's detention until departure. *See Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) (stating that "the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States"); *Hernandez v. Warden, Eden Det. Ctr.*, No. 6:26-CV-00053-H, 2026 WL 593532, at *4 (N.D. Tex. Mar. 3, 2026). Pursuant to 8 C.F.R. § 240.25(b), the granting of voluntary departure may include the attachment of "any conditions [deemed] necessary to ensure the alien's timely departure from the United States, including the posting of a bond, *continued detention pending departure*, and removal under safeguards." 8 C.F.R. § 240.25(b) (emphasis added). Additionally, an immigration judge "may impose such conditions as he or she deems necessary to ensure the alien's timely departure from the United States." 8 C.F.R. § 1240.26(b)(3)(i).

Finally, this Court lacks the jurisdiction to entertain whether the immigration judge's voluntary departure order is valid. *See* 8 U.S.C. § 1229c(f) (stating that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure"); 8 U.S.C. § 1252(a)(2)(B) (stating that "no court shall have jurisdiction to

review . . . (i) any judgment regarding the granting of relief" under §1229c); s*ee also Reynoso-Lopez v. Ashcroft*, 369 F.3d 275, 280-81 (3d Cir. 2004) (discussing the aforementioned statutes).

III.   CONCLUSION

Petitioner is subject to voluntary departure under safeguards and thus falls outside the purview of 8 U.S.C. § 1226(a), and he is therefore neither entitled to a bond hearing nor otherwise releasable pending his voluntary departure in accordance with the immigration judge's Order. Therefore, Respondents' Motion to Dismiss will be granted and Petitioner's Petition will be denied.

Accordingly, the Court enters the following Order:

AND NOW, this 9th day of June, 2026, IT IS HEREBY ORDERED that Respondents' Motion to Dismiss (Docket No. 6) is GRANTED, and Petitioner Mouhamed Ndong's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 3) is DENIED.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

3